# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | | |
|---|---|---|
| Sherry Jones, Individually and and as Representative of a Class of Persons Similarly Situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 06-CV-1136 |
| Rich Morris, Former Jail Administrator of Knox County Jail, in His Individual Capacity, Craig Carpenter, in His Official Capacity, James Thompson, Sheriff of Knox County, Illinois, and Knox County, Illinois | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This case is before the Court for a Report and Recommendation on the motion to dismiss by Defendants Carpenter and Thompson (d/e 13). Plaintiff has not filed a response.[1]

Plaintiff pursues a class action, alleging that Knox County Jail has a policy that deprived her and others similarly situated of a probable cause

---

[1] The Court is disappointed that Plaintiff's counsel, who is an experienced federal litigator, did not file a response herein even after the Court directed a response to be filed by August 25, 2006. (See text order of August 18, 2006.)

hearing within 48 hours of a warrantless arrest.  In particular, Plaintiff was arrested on May 30, 2004, for traffic offenses and was unable to post bond. She was held at the Jail without a court hearing until June 16, 2004.

Plaintiff sues the former Jail Administrator in his individual capacity (Defendant Morris); the current Jail Administrator in his official capacity (Defendant Carpenter); and the Sheriff of Knox County in his individual and official capacities (Defendant Thompson).  Plaintiff also sues Knox County as an indispensable party under Fed. R. Civ. P. 19(a), on the grounds that Knox County is responsible for paying a judgment or settlement against the Sheriff under 745 ILCS 10/9-102.  (Complaint, d/e 1, ¶ 8).

Defendants Carpenter and Thompson move to dismiss the claims against them in their official capacities, arguing that those claims are duplicative of the claims against Knox County.  (d/e 13, p.3).  Since Carpenter is sued only in his official capacity, he would be dismissed entirely from the case if the motion is granted.

It is true that the claims against Carpenter and Thompson in their official capacities are claims against the government entity they represent. McMillian v. Monroe County, Alabama, 520 U.S. 781, 785 n.2 (1997). However, Carpenter and Thompson represent the government entity of the

Office of the Sheriff of Knox County, not Knox County.  DeGenova v. Sheriff of DuPage County, 209 F.3d 973, 977 n.2 (7th Cir. 2000)("Under Illinois law, the Sheriff's office has a legal existence separate from the county and the State, and is thus a suable entity."); Gossmeyer v. McDonald, 128 F.3d 481, 494 (7th Cir. 1997)(official capacity claim against Cook County sheriff is a claim against Cook County sheriff's department). Knox County is sued because of its potential duty under Illinois law to pay a judgment, not because it employs Carpenter and Thompson.  Carver v. Sheriff of LaSalle County, 203 Ill.2d 497, 512 (2003)(sheriff is independent elected county official, not employee of county, but county has statutory duty to pay settlement judgments against sheriff in official capacity); Carver v. Sheriff of LaSalle County, 324 F.3d 947, 948 (7th Cir. 2003)("a county in Illinois is a necessary party in any suit seeking damages from an independently elected county officer (sheriff, assessor, clerk of court, and so on) in an official capacity."); Sassak v. City of Park Ridge, 431 F.Supp.2d 810, 822-23 (N.D. Ill. 2006)(Illinois law allows claim under 745 ILCS 10/9-102 to be brought at same time of claim against government actor).

Thus, the claims against Defendants Thompson and Carpenter in their official capacities are not duplicative of the claims against Knox County. Both Knox County and the Office of the Sheriff of Knox County (through Carpenter and Thompson in their official capacities) are appropriate defendants.[2]  Carver, 324 F.3d at 948.

WHEREFORE, the Court RECOMMENDS that Defendants' Motion to Dismiss be denied (d/e 13).

Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within ten working days after service of a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to timely object will constitute a waiver of objections on appeal. Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). See also Local Rule 72.2.

ENTER:        October 31, 2006

s/ Byron G. Cudmore
_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE

---

[2] Thompson and Carpenter do not argue that only one of them should be named in an official capacity. In any event, the Complaint allows an inference that either or both are final policy makers, so dismissal of one of them in their official capacity would be premature. See, e.g., Fiorenzo v. Nolan, 965 F.2d 348, 350 (7th Cir. 1992)(both defendants named in official capacity; "'Authority to make municipal policy may be granted directly by a legislative enactment or may be delegated by an official who possesses such authority.'"), citing Pembaur v. Cincinnati, 475 U.S. 469, 480 (1986).